UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**METROPOLITAN LIFE INSURANCE COMPANY,**

      **Plaintiff,**

v.

**PATRICIA MOWERY,** *et al.***,**

      **Defendants.**

Civil Action 2:21-cv-168
Chief Judge Algenon L. Marbley
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

Plaintiff, Metropolitan Life Insurance Company ("MetLife"), commenced this action in interpleader against Defendants, Patricia Mowery and Kimberly Ogershok, two potential beneficiaries of a life insurance plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), to determine to whom life insurance benefits should be paid. This matter, in which the non-defaulting parties have consented to the jurisdiction of the Magistrate Judge under 28 U.S.C. § 636(c), is before the Court on Defendant Kimberly Ogershok's Motion for Summary Judgment. (ECF No. 24.) For the following reasons, the Motion for Summary Judgment is **DENIED**.

### I.    BACKGROUND

Brian Ogershok was employed by L Brands, Inc. ("L Brands"), and participated in the L Brands, Inc. Health and Welfare Benefits Plan (the "Plan"), which is an employee welfare benefit plan governed by ERISA and funded by a group life insurance policy, #1510100-G, issued by MetLife. (Compl. ¶ 7, ECF No. 1.) Mr. Ogershok died on April 16, 2020. (*Id.* at ¶ 6.) Mr. Ogershok was covered for $55,744.00 in Plan Benefits, but $2,866.64 was paid to the

Hoskin Funeral Home for his funeral expenses, leaving remaining Plan Benefits in the amount of $52,877.36. (*Id.* at ¶¶ 12–13.)

Prior to his death, Mr. Ogershok designated Defendant Patricia Mowery as the beneficiary of his life insurance proceeds, indicating that Ms. Mowery was his "domestic partner." (Beneficiary Designation, ECF No. 1-5.)[1] However, Mr. Ogershok was still legally married to Defendant Kimberly Ogershok at the time of Mr. Ogershok's death. (Compl. ¶ 3, ECF No. 1.) Initially, both Ms. Mowery and Ms. Ogershok claimed the right to receive the remaining $52,877.26 in plan benefits. But since MetLife commenced this action, Ms. Mowery has failed to respond to the Complaint, and default judgment was entered against her on September 7, 2021. (ECF No. 23.) That same day, Ms. Ogershok filed the present Motion for Summary Judgment (ECF No. 24.)

In her Motion, Ms. Ogershok states that she "is not relying on the default of the Defendant Mowery to establish that the Defendant Ogershok is the proper beneficiary, and will instead make an affirmative showing that she is the proper beneficiary." (Mot. 2–3, ECF No. 24.) Ms. Ogershok's argument rests on the fact that Ms. Mowery could not have been Mr. Ogershok's domestic partner, as defined by the Plan, due to Mr. Ogershok's continuing marriage to Ms. Ogershok. Ms. Ogershok contends that, as a result, she is the sole beneficiary entitled to the remaining life insurance proceeds. Ms. Ogershok also subsequently filed a Proposed Entry granting summary judgment in her favor, on grounds that "Defendant Ogershok is the proper beneficiary of the Plan Benefits as a matter of law because she is the decedent's surviving spouse, such that the Defendant Mowery cannot be a proper beneficiary of the Plan Benefits

---

[1] Mr. Ogershok also named each of his two children, Brian Ogershok II and Katrinia Ogershok, as co-equal contingent beneficiaries. (Beneficiary Designation, ECF No. 1-5.)

2

because she cannot meet the Plan's definition of a 'domestic partner.'" (ECF No. 25-1.) The Proposed Entry was signed by counsel for both Ms. Ogershok and MetLife, indicating MetLife's agreement to the entry of summary judgment in Ms. Ogershok's favor. (*Id.*)

## II. SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion").

The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citation omitted). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an

essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

### III. ANALYSIS

Although the remaining parties to this action agree to the entry of summary judgment in Ms. Ogershok's favor, this Court must still review the evidence and relevant authorities to ensure that there is no genuine issue of material fact and that Ms. Ogershok is entitled to judgment as a matter of law. *See Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (6th Cir. 2013) ("Even when faced with an unopposed motion for summary judgment, the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden."). The Court finds that Ms. Ogershok has not met her burden.

Courts determine the proper beneficiaries under plans governed by ERISA by looking first to the language of the plan. *See Union Sec. Ins. Co. v. Blakeley*, 636 F.3d 275, 276 (6th Cir. 2011) ("[I]f courts can identify a workable means of identifying beneficiaries in the plan document—whether it be in a general definition section or in the plan as a whole—they need look no further.") (internal citations omitted). The Plan's Certificate of Insurance defines "beneficiary" as "the person(s) to whom We will pay insurance as determined in accordance with the GENERAL PROVISIONS section." (Cert. of Ins. 30, ECF No. 1-2.) The GENERAL PROVISIONS section of the Certificate of Insurance provides that a Plan participant may designate "a beneficiary" and places no restrictions on the relationship of the beneficiary to the Plan participant:

> You may designate a Beneficiary in Your application or enrollment form. You may change Your Beneficiary at any time. To do so, You must send a Signed and dated, Written request to the Policyholder using a form satisfactory to Us. Your Written request to change the Beneficiary must be sent to the Policyholder within 30 days of the date You Sign such request.

> You do not need the Beneficiary's consent to make a change. When We receive the change, it will take effect as of the date You Signed it. The change will not apply to any payment made in good faith by Us before the change request was recorded.
>
> If two or more Beneficiaries are designated and their shares are not specified, they will share the insurance equally.
>
> If there is no Beneficiary designated or no surviving designated Beneficiary at Your death, We may determine the Beneficiary to be one or more of the following who survive You:
> - Your Spouse or Domestic Partner;
> - Your child(ren);
> - Your parent(s); or
> - Your sibling(s).

(*Id.* at 60.) The Plan Summary similarly explains,

> You have the ability to name one or more beneficiaries to your term life insurance benefits at any time. To designate or change a beneficiary log on to HR Access at hraccess.lb.com or contact HR Direct. If no beneficiary exists at the time of your death, your life benefits may be paid to one or more of the following who survive you: your estate, your Spouse/Domestic Partner, your child(ren), your parent(s) or your sibling(s).

(Plan Summary 58, ECF No. 1-3.)

Accordingly, nowhere in the Plan documentation does the Plan restrict designated beneficiaries to spouses, domestic partners, or other close relations. In the event that the Plan participant had not made an effective beneficiary designation at the time of his or death, then, and only then, would the Plan pay benefits to individuals based on their familial relationship to the Plan participant. But those provisions have no application when, as here, a beneficiary designation was in place at the time of the Plan participant's death. Under that circumstance, the Plan documents clearly state that the Plan will pay benefits to the designated beneficiary, regardless of the beneficiary's relationship to the Plan participant.

Ms. Ogershok's Motion fails to appreciate this aspect of the Plan. It is true that Mr. Ogershok described Ms. Mowery as his "domestic partner" when designating her as his beneficiary. (Beneficiary Designation, ECF No. 1-5.) It is also true that Ms. Mowery cannot

5

satisfy the Plan's definition of "domestic partner" with regard to Mr. Ogershok because the Plan requires that each person in a domestic partnership, *inter alia*, be unmarried, and it is undisputed that Mr. Ogershok remained married to Ms. Ogershok at the time of his death. (Cert. of Ins. 30, ECF No. 1-2; Plan Summary 101, ECF No. 1-3.)  Yet the invalidity of Ms. Mowery's status as Mr. Ogershok's domestic partner does not equate to the invalidity of Ms. Mowery's status as a designated beneficiary, because a designated beneficiary need not be a domestic partner or other close relation to receive Plan benefits.

In sum, because the Plan language does not require the result that Mr. Ogershok's designation of Ms. Mowery as his beneficiary was invalid, Ms. Ogershok has not demonstrated that she is entitled to judgment as a matter of law.  Accordingly, Ms. Ogershok's Motion for Summary Judgment (ECF No. 24) is **DENIED**.

    **IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE