UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**METROPOLITAN LIFE INSURANCE COMPANY,**

        **Plaintiff,**

    v.

**PATRICIA MOWERY,** *et al.***,**

        **Defendants.**

Civil Action 2:21-cv-168
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

Plaintiff Metropolitan Life Insurance Company ("MetLife") commenced this action in interpleader against Defendants Patricia Mowery and Kimberly Ogershok, two potential beneficiaries of a life insurance plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), to determine to whom life insurance benefits should be paid. This matter, in which the non-defaulting parties have consented to the jurisdiction of the Magistrate Judge under 28 U.S.C. § 636(c), is before the Court on Defendant Kimberly Ogershok's Motion to Enter Judgment in Her Favor (ECF No. 34) and MetLife's Motion for Leave to Interplead Funds (ECF No. 32). For the following reasons, Ms. Ogershok's Motion to Enter Judgment in Her Favor (ECF No. 34) is **GRANTED** and MetLife's Motion for Leave to Interplead Funds (ECF No. 32) is **DENIED AS MOOT**.

By way of background, Brian Ogershok was employed by L Brands, Inc. ("L Brands"), and participated in the L Brands, Inc. Health and Welfare Benefits Plan (the "Plan"), which is an employee welfare benefit plan governed by ERISA and funded by a group life insurance policy,

#1510100-G, issued by MetLife. (Compl. ¶ 7, ECF No. 1.) Mr. Ogershok died on April 16, 2020. (*Id.* at ¶ 6.) Mr. Ogershok was covered for $55,744.00 in Plan benefits, but $2,866.64 was paid to the Hoskin Funeral Home for his funeral expenses, leaving remaining Plan Benefits in the amount of $52,877.36. (*Id.* at ¶¶ 12–13.)

Prior to his death, Mr. Ogershok designated Defendant Patricia Mowery as the beneficiary of his life insurance proceeds, indicating that Ms. Mowery was his "domestic partner." (Beneficiary Designation, ECF No. 1-5.) However, Mr. Ogershok was still legally married to Defendant Kimberly Ogershok at the time of Mr. Ogershok's death. (Compl. ¶ 3, ECF No. 1.) Mr. Ogershok also named each of his two children with Kimberly Ogershok, Brian Ogershok II and Katrinia Ogershok, as co-equal contingent beneficiaries. (Beneficiary Designation, ECF No. 1-5.) Ms. Ogershok was not designated as a primary or contingent beneficiary at the time of Mr. Ogershok's death. (*Id.*)

Initially, both Ms. Mowery and Ms. Ogershok claimed the right to receive the remaining $52,877.26 in Plan benefits. But since MetLife commenced this action, Ms. Mowery has failed to respond to the Complaint, and a default judgment was entered against her on September 7, 2021. (ECF No. 23.)

In two previous Orders, the Court determined that Ms. Mowery was properly designated as Mr. Ogershok's beneficiary and that Ms. Ogershok was not entitled to the Plan benefits either by virtue of Ms. Mowery's default in the litigation or by virtue of Ms. Mowery's failure to meet the plan definition of "domestic partner." (*See* ECF Nos. 26, 30.) In a December 2, 2021 conference, the Court suggested that if Ms. Mowery was not entitled to the funds as a result of her default, the Plan benefits should be paid to Mr. and Ms. Ogershok's children, whom Mr. Ogershok designated as co-equal contingent beneficiaries. To the Court's recollection, this result

was unsatisfactory to MetLife because the children had not themselves made claims for the Plan benefits.

In the present Motion, Ms. Ogershok attaches a "Waiver of Claim for Insurance Proceeds" signed by each of the children, in which they each "waive any claim [he or she] may have as a contingent beneficiary to the insurance proceeds in favor of [his or her] mother, Kimberly Ogershok." (Waivers, ECF Nos. 34-1, 34-2.) Ms. Ogershok argues that because the primary beneficiary (Ms. Mowery) is in default, and the contingent beneficiaries (the children) have waived their interests in the Plan benefits, that MetLife should pay the Plan Benefits to Ms. Ogershok under the Plan provisions that require benefits be paid to the surviving spouse in the event that no valid beneficiary designation was in effect at the time of the Plan participant's death. (Mot. 3–4, ECF No. 34.)

In the meantime, MetLife filed a Motion for Leave to Interplead Funds on July 13, 2022. (ECF No. 32.) Therein, MetLife seeks leave to deposit the Plan benefits with the Court and to thereupon be dismissed from this action with prejudice. (*Id.*) The Court therefore understands MetLife to take no position on Ms. Ogershok's Motion.

The Court finds that, as explained in its previous opinions, Mr. Ogershok validly designated Ms. Mowery as his primary beneficiary. Ms. Mowery's default in this litigation does not retroactively render Mr. Ogershok's designation invalid, and therefore her default does not trigger the Plan provisions requiring payment to the Plan participant's surviving spouse in the event no beneficiary was validly designated. However, Ms. Mowery's default does prevent the Court from entering judgment in Ms. Mowery's favor. The Court therefore finds that Mr. and Ms. Ogershok's children, who were designated as co-equal contingent beneficiaries, are entitled to the Plan benefits. But given the children's waivers of their interest in the Plan benefits in favor

of their mother, Ms. Ogershok, the Court finds payment of the Plan benefits to Ms. Ogershok to be appropriate.

Accordingly, Ms. Ogershok's Motion (ECF No. 34) is **GRANTED**. MetLife is **ORDERED** to pay to Ms. Ogershok the remaining $52,877.26 in Plan benefits pursuant to policy #1510100-G issued on the life of Brian Ogershok. Accordingly, MetLife's Motion for Leave to Interplead Funds (ECF No. 32) is **DENIED AS MOOT**. This action is **DISMISSED**. The Clerk is **DIRECTED** to enter judgment in Ms. Mowery's favor and close this case.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE